UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CECILE SMITH**                                                                 **CIVIL ACTION**

**VERSUS**

**AMERICAN FIRE AND CASUALTY**                                **NO. 08-721-B-M2**
**COMPANY, ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, May 11, 2009.

MAGISTRATE JUDGE CHRISTINE NOLAND

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CECILE SMITH**                                                                    **CIVIL ACTION**

**VERSUS**

**AMERICAN FIRE AND CASUALTY**                                    **NO. 08-721-B-M2**
**COMPANY, ET AL**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Motion to Remand (R. Doc. 7) filed by plaintiff, Cecile Smith ("Smith"). Defendants, American Fire and Casualty Company ("American Fire") and Coast to Coast Carports, Inc. ("Coast") (collectively "defendants"), have not filed an opposition to Smith's motion.

## FACTS & PROCEDURAL BACKGROUND

Smith filed this suit against the defendants in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on September 26, 2008. In the petition, she alleges that, on September 28, 2007, employees of Coast installed two roll-up garage doors and one walk-in door on an existing carport, as requested by her husband. After the work was completed and the doors were installed, Smith entered the garage and attempted to open one of the roll-up doors. As she lifted the door up and it was approximately one foot off the ground, the door malfunctioned, "flew up very fast past the stop bars, over the top bar," and struck Smith on the top of her head. Smith contends that the malfunction of the door was caused by the negligence of Coast and its employees. She further contends that, at all times relevant, Coast and its employees were covered by a policy of liability insurance in full force and effect issued by American Fire and that American Fire is a proper party

2

defendant herein pursuant to Louisiana's Direct Action Statute, La. R.S. 22:655.

As a result of the accident in question, Smith alleges that she suffered "severe and permanent injuries to her body and mind, more particularly described as injuries to her head, neck and back." She asserts that she "has suffered and will continue to suffer medical expenses, pain and suffering, mental anguish, mental anxiety, disability, loss of income, and loss of enjoyment of life."

Defendants removed Smith's suit to this Court on November 5, 2008, on the basis of diversity jurisdiction. Smith has now filed the present motion, seeking to have the Court remand her suit to state court on the ground that the requisite amount is not in controversy for purposes of diversity jurisdiction.

## **LAW & ANALYSIS**

### I.   **Defendants' failure to file an opposition:**

Pursuant to Rule 7.5M of the Local Rules of the Middle District of Louisiana, a memorandum in opposition to a motion must be filed within twenty (20) days after service of the motion. The rule specifically provides:

> LR7.5M    Response and Memorandum
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion for remand was filed on April 16, 2009, and the Court's electronic filing system indicates that defense counsel was electronically served with notice of the filing of the motion on that same date at 5:58 p.m. CDT.  More than twenty (20) days have elapsed since the service of the motion, and defendants have failed to file any opposition.  The motion to remand is therefore deemed to be unopposed.  In addition to the motion being unopposed, the Court finds that the motion has merit and should be granted.

**II.     Does diversity jurisdiction exist based upon the record before the Court:**

Under 28 U.S.C. § 1332(a), a federal court has diversity jurisdiction if the matter in controversy:  (1) exceeds $75,000.00, exclusive of interest and costs, and (2) is between citizens of different states.[1]  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  A defendant makes that showing when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75.000.00. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If it is not "facially apparent," the court may rely on "summary judgment-type" evidence relevant to the amount in controversy at the time of removal to make the determination. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)*; White v.*

---

[1] It is undisputed that the parties in this matter are citizens of different states; thus, the only issue herein is whether the requisite amount is in controversy for purposes of diversity jurisdiction.

4

*FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).  All doubts and uncertainties regarding federal jurisdiction must be resolved in favor of remand.  *Sutherland v. First Nationwide Mortgage Corp.*, 2000 WL 1060362 (N.D. Tex 2000).  Under any manner of proof, jurisdictional facts which support removal must be judged at the time of removal, and post-petition affidavits are allowable only if relevant to that period of time.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

If a removing defendant shows that the amount in controversy is likely to exceed the federal jurisdictional minimum, the burden then shifts to the plaintiff to show that it is a "legal certainty" that he or she will not be able to recover the jurisdictional amount – a burden which can be met by:  (1) showing state procedural rules binding the plaintiff to his/her pleadings;[2] or (2) filing a binding stipulation or affidavit to that effect with the complaint.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404 (5th Cir. 1995).

Looking solely at the allegations in Smith's petition, it is ambiguous as to whether or not her damages in this matter will exceed $75,000.00, exclusive of interest and costs.  Smith has not prayed for a state court jury trial so it is not even clear to the Court, based upon her allegations, whether her damages will exceed $50,000.00.[3]  Furthermore, the list of damages contained in the petition simply provides the usual and customary damages set forth by personal injury plaintiffs and does not provide the Court with any guidance as

---

[2] For example, the plaintiffs' state court petition might cite a state law that prohibits recovery of damages that exceed those requested in the *ad damnum* clause and that prohibits the initial *ad damnum* clause from being increased by amendment.

[3] *See*, La.C.C.P. art. 1732, which provides that a state trial by jury shall not be available in a suit where the amount of no individual petitioner's cause of action exceeds $50,000.00, exclusive of interest and costs.

to the actual monetary amount of damages Smith has or will incur in this matter.

Given that it is not "facially apparent" from Smith's petition whether her damages will exceed the jurisdictional minimum, the Court must next consider whether defendants have met their burden of proving, through summary judgment-type evidence, that the amount in controversy in this matter is likely to exceed the jurisdictional minimum. Defendants did not submit any summary judgment-type evidence with their Notice of Removal. Instead, they relied solely upon the allegations in Smith's petition, which the Court has already determined do not support a finding that the requisite amount is in controversy in this matter, as well as an unsupported contention that plaintiff has undergone "extensive medical treatment" related to her injuries in question, amounting to over $8,000.00 in medical bills. Such unsupported contention alone does not support defendants' burden of proving, through summary judgment-type evidence, that the amount in controversy in this matter exceeds $75,000.00. Furthermore, since the defendants have not filed a response to Smith's motion to remand, they have not submitted any summary judgment-type evidence in opposition to her motion substantiating their contention that the jurisdictional minimum is satisfied in this case. As such, they have failed to carry their burden of proof, and the Court therefore need not address whether or not the plaintiff has proven to a legal certainty that she will not be able to recover in excess of $75,000.00 in this suit.[4]

---

[4] Even though Smith is not required to come forward with any information concerning the amount in controversy unless defendants carry their burden of proving that she is likely to recover in excess of $75,000.00, exclusive of interest and costs, Smith nevertheless indicates in her motion that she has incurred $8,000.00 in medical bills related to the injuries in question; that she did not incur any lost wages as a result of her injuries; that she underwent a CT scan which revealed normal results; that she was unable to undergo an MRI because she has braces; that she underwent physical therapy, which did not relieve her symptoms; that, although her physician recommended

**RECOMMENDATION**

For the above reasons, the Motion to Remand (R. Doc. 7) filed by plaintiff, Cecile Smith, should be **GRANTED**, and this matter should be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, May 11, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

that she undergo physical therapy with a therapist in Houma, she chose to forgo that course of treatment because the commute would interfere with her work and to try to manage her symptoms herself; that, while she continues to have "flare ups of her neck pain when the seasons change and when she works long hours on the computer," she has not sought additional medical treatment since January 2008; and that, although she continues to have "intermittent neck pain" since the date of the accident, she believes that her damages will not meet the federal court's jurisdictional threshold of $75,000.00. *See*, Smith's Memorandum in Support of Motion to Remand, R. Doc. 7-2, pp. 1-2. The Court finds that Smith's description of her injuries, treatment and medical bills does not suggest that the amount of damages she is likely to recover in this case will exceed $75,000.00. Considering that defendants have failed to demonstrate otherwise through summary judgment-type evidence, Smith's motion to remand should be granted.